Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6468 | **DATE** | 11/18/2002 |
| **CASE TITLE** | David Bray vs. Experian Credit Solutions, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. This Court accordingly orders Bray's counsel to file a written statement in this Court's chambers on or before November 27, 2002 stating the basis on which the continuation of this litigation is appropriate.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 20 2002 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 11/18/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | 02 NOV 19 PM 3:47 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**NOV 2 0 2002**

DAVID BRAY, )
)
    Plaintiff, )
)
v. ) No. 02 C 6468
)
EXPERIAN CREDIT SOLUTIONS, et al., )
)
    Defendants. )

## MEMORANDUM ORDER

In response to this Court's request made during the October 30, 2002 status hearing in this Fair Credit Reporting Act lawsuit, Experian Information Solutions, Inc. ("Experian," sued as "Experian Credit Solutions") and CBC Credit Services ("CBC") have submitted information as to their respective reinvestigations of the one disputed account that still appears as an adverse item on the consumer disclosure report of plaintiff David Bray ("Bray"). Although this matter is not set for a next status hearing until December 9, the nature of those responses calls for the issuance of this memorandum order now.

In brief, each defendant discloses reasonable investigative efforts as to each problem that originally showed up on Bray's credit reports. In every instance that the further investigation either (1) confirmed the inaccuracy of the originally reported information or (2) left any question in that respect, each defendant deleted the inaccurate or questionable item.

Thus only one item is in issue here: Bray's assertedly



delinquent child support obligations of $20,000, as reported by the Santa Clara County Child Support Enforcement Agency. Each defendant provided that agency with identifying information on an appropriate consumer dispute verification form, as well as the documentation that Bray had provided to challenge the existence of the delinquency. And in each instance the Enforcement Agency reverified the obligation that is assertedly owed by Bray.[1]

It may well be that when this lawsuit was first filed on September 11, 2002, Bray and his counsel believed that he had a legitimate claim (a matter that this Court need not decide at this point), or that they even believed that defendants "deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations" (Complaint ¶16). But what matters now is that this Court can frankly perceive no predicate for the continuation of this lawsuit in the face of what the parties' submissions have revealed. In that regard, when it comes to considering conduct

---

[1] It must be noted that the evidence supplied by Bray to support the proposed elimination of that item was an October 31, 1986 order dismissing the then-existing Complaint for Support. But what the Enforcement Agency's October 28, 2002 response to the request for verification said was this:

> This acct is correct as reported. This is back support owed to Santa Clara County. Last pymt recv'd 12-01. All children emancipated.

In that respect, see Henson v. CSC Credit Servs., 29 F.3d 280, 285 (7th Cir. 1994).

2

that might merit such pejorative labels as those employed in Complaint ¶16, 28 U.S.C. §1927 holds lawyers responsible for their continuation of litigation "unreasonably and vexatiously" under appropriate circumstances.

This Court accordingly orders Bray's counsel to file a written statement in this Court's chambers on or before November 27, 2002 (with a copy of course transmitted to each defense counsel) stating the basis on which the continuation of this litigation is appropriate. No response is called for by either defense counsel, and if the result has been other than a voluntary dismissal by plaintiff's counsel the subject will be discussed at the previously-scheduled December 9 status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 18, 2002

3